UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THOMAS JOSEPH GODDARD, <br><br> Plaintiff, <br><br> v. <br><br> JPMORGAN CHASE BANK, N.A., <br><br> Defendant. | Case No. 26-cv-01042-PHK <br><br> **GRANTING-IN-PART AND DENYING-IN-PART PLAINTIFF'S MOTION FOR EXTENSION AND REQUEST FOR ADA ACCOMMODATION** <br><br> Re: Dkts. 14, 16 |

On February 2, 2026, *pro se* Plaintiff Thomas Joseph Goddard filed the original Complaint in this action, as well as an application to proceed *in forma pauperis* (IFP). *See* Dkts. 1-2. The Court has not yet determined whether Plaintiff is entitled to proceed IFP, nor has the Court screened the Complaint as required pursuant to 28 U.S.C. § 1915(e)(2)(B).

On April 6, 2026, Plaintiff filed a Motion for Extension of Time and Request for ADA Accommodation. [Dkt. 14]. On April 7, 2026, Plaintiff refiled the same motion, including his signature which was omitted in the original filing. [Dkt. 16]. District courts "are afforded broad discretion to control and manage their dockets[.]" *Amado v. Microsoft Corp.*, 517 F.3d 1353, 1358 (Fed. Cir. 2008) (applying Ninth Circuit law on procedural issues).  For the reasons discussed herein, the Court **GRANTS-IN-PART** and **DENIES-IN-PART** Plaintiff's Motion.

First, Plaintiff requests "a 60-day extension of all currently pending deadlines, including but not limited to response deadlines, discovery deadlines, CMC statement deadlines, and all other scheduling order dates." [Dkt. 16 at 2]. As an initial matter, the Court notes that there are very few pending deadlines in this case, because the Court has not yet screened the Complaint in this matter pursuant to Section 1915(e)(2)(B).  To the extent the Initial Case Management Scheduling Order set

United States District Court
Northern District of California

United States District Court
Northern District of California

initial deadlines, [Dkt. 3], this request is **GRANTED-IN-PART**.  In the full exercise of the Court's discretion to manage this litigation and the docket in this case, the deadlines currently set by the Initial Case Management Scheduling Order [Dkt. 3] are reset as follows:

The deadline for Plaintiff to file his ADR Certification is **EXTENDED** by 60 days to **June 15, 2026**.

The following deadlines set by the Initial Case Management Scheduling Order [Dkt. 3] are hereby **VACATED**: the deadline for Defendant to file its ADR Certification; the deadline to meet and confer regarding initial disclosures, early settlement, ADR, and the discovery plan; the deadline to serve Initial Disclosures; the deadlines for the Joint Case Management Statement and Initial Case Management Conference.  These activities (as well as Defendant's need to Answer or otherwise respond to the Complaint) only need take place after the Court screens the Complaint pursuant to Section 1915(e)(2)(B). The Court will reset these deadlines at the appropriate time as necessary, and only after that screening Order is issued.

Because Defendant has already filed a waiver of service [Dkt. 13], if the Court's issuance of the screening Order is delayed and approaches the current due date for the Defendant to Answer or otherwise respond to the Complaint, the Court **ORDERS** either that (a) the Parties shall timely file a stipulation and proposed Order extending the Defendant's time to Answer or otherwise respond to the Complaint or (b) Defendant will timely file a motion seeking extension of time to Answer or respond to the Complaint, if no agreement can be reached.

The Plaintiff **SHALL** file a Status Report on Plaintiff's regaining access to his ECF/Pacer account by **July 31, 2026**.

Plaintiff's request for "ADA accommodation" for an Order "directing the Clerk of Court to accept filings from Plaintiff by mail, email or fax from Plaintiff pending restoration of Plaintiff's PACER/ECR account access" [Dkt. 16 at 2] is **DENIED** as **MOOT**.  The request is moot because the Clerk's office already accepts documents for filings which are properly sent and received by mail.  Plaintiff is directed to review Chapter 5 of the Pro Se Handbook ("Chapter 5:  How Do I File Papers With The Court?"), available on the Court's website and about which the Court has previously informed Plaintiff.  *See* Dkt. 11 at 4-5.

United States District Court
Northern District of California

Plaintiff's request for "[a]ppointment of a courtesy copy recipient for all court notices while Plaintiff remains hospitalized" [Dkt. 16 at 2] is **DENIED**. First, the request is confusing because it is unclear what the role of this "courtesy copy recipient" would be, who they should be, what their qualifications would be, and why there is a need for such appointment. Other than mentioning this request in one sentence, Plaintiff devotes no substantive briefing to the issue and thus, as the moving party, he does not satisfy his burden of persuasion. Second, Plaintiff cites no law authorizing appointment of a "courtesy copy recipient" and there is nothing in the Federal Rules of Civil Procedure which authorizes a Party to request such appointment. The phrase "courtesy copy recipient" does not appear in the Federal Rules of Civil Procedure, the Local Rules of this Court, or this Court's Standing Orders. Third, there are many cases in which an incarcerated person is a plaintiff in litigation pending in this Court and the mere fact that a person is incarcerated does not relieve them of their obligation to prosecute their cases and does not deprive them of the ability to prosecute their cases, including finding out ways to get mail forwarded to them. The fact that Plaintiff avers that he is currently incarcerated and hospitalized does not bar Plaintiff from receiving mail.

However, nothing in this Order prohibits the Parties from trying to reach a reasonable agreement on methods of sending and receiving courtesy copies of filings, whether by mail or otherwise, if the Parties can reach such agreement after reasonable discussions.

This Order **RESOLVES** Dkts. 14 and 16.

**IT IS SO ORDERED.**

Dated: April 9, 2026

PETER H. KANG
United States Magistrate Judge

3