UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

THOMAS JOSEPH GODDARD,
Plaintiff,

v.

JPMORGAN CHASE BANK, N.A.,
Defendant.

Case No. 26-cv-01042-PHK

**ORDER GRANTING APPLICATION TO PROCEED *IN FORMA PAUPERIS* PURSUANT TO 28 U.S.C. § 1915 AND PACER FEE EXEMPTION**

Re: Dkts. 2, 5, 19, 20

## INTRODUCTION

On February 2, 2026, *pro se* Plaintiff Thomas Joseph Goddard filed the original Complaint in this action, as well as an application to proceed *in forma pauperis* (IFP). *See* Dkts. 1-2. On February 11, 2026 Plaintiff filed an application for exemption from the fees imposed by the Electronic Public Access to Court Electronic Records ("PACER") fee schedule adopted by the Judicial Conference of the United States Courts. *See* Dkt. 5. On April 9 and 10, 2026 Plaintiff filed two additional motions for PACER fee exemption and restoration of account access, and again applied for leave to proceed IFP. *See* Dkts. 19, 20.

Now before the Court are Plaintiff's redundant applications to proceed *in forma pauperis*, pursuant to 28 U.S.C. § 1915. [Dkts. 2, 20]. Upon careful review of the applications and the accompanying affidavits, the Court **FINDS** that Plaintiff Goddard has provided sufficient factual details regarding his assets and liabilities to warrant granting his *in forma pauperis* applications. For the reasons discussed herein, Plaintiff's applications to proceed *in forma pauperis* are **GRANTED**.

Because the Court has determined Plaintiff is indigent and unable to pay the filing fees in this action, the Court also **FINDS** that Plaintiff falls within the class of users listed in the fee

United States District Court
Northern District of California

schedule as being eligible for a fee exemption and that an exemption is necessary in order to avoid unreasonable burdens and to promote public access to information. Accordingly, Plaintiff's redundant requests for a PACER fee exemption are **GRANTED.**

## RELEVANT BACKGROUND

On February 2, 2026, Plaintiff Goddard filed his original complaint against Defendants. [Dkt. 1]. Plaintiff Goddard filed a First Amended Complaint on February 13, 2026. [Dkt. 7]. Contemporaneous with the filing of the original Complaint, Plaintiff Goddard filed his initial application for leave to proceed *in forma pauperis* by submitting this Court's standard application form for such requests. [Dkt. 2]; *see* The Northern District of California, Civil Forms, https://www.cand.uscourts.gov/forms/civil-forms/ (last visited August 28, 2026) (PDF labeled "Application - Proceed In Forma Pauperis in Non-Prisoner Cases"). The Court's standard application form for IFP status requests that a movant provide a variety of financial information which this Court uses to determine if an applicant may proceed *in forma pauperis*. Plaintiff filed a second application for leave to proceed *in forma pauperis* on April 10, 2026. [Dkt. 20].

In his most recent financial affidavit, Plaintiff Goddard states that he is not presently employed. [Dkt. 20 at 3]. Plaintiff reports no payments or income from any source over the past 12 months. *Id.* In his original IFP application Plaintiff states that he receives public support (CalFresh) in the amount of $298 per month and Medi-Cal public benefits, [Dkt. 2 at 2], however in his more recent IFP application, Plaintiff states his State Disability Insurance (SDI) benefits "were exhausted in or about March 2026. Plaintiff has received $0.00 in income since that time." [Dkt. 20 at 5]. Plaintiff states that he does not own a home or a car or any cash. *Id.*

Plaintiff is involuntarily confined at the Department of State Hospitals – Napa (DHS Napa) and has no access to financial accounts of any kind and no ability to pay any fees or costs. [Dkt. 19 at 5].

Plaintiff asserts that he currently has no personal expenses outside of confinement, but he accumulated approximately $19,000 in credit card debt for survival necessities prior to confinement. [Dkt. 20 at 3]. Plaintiff's PACER account has been suspended since approximately March 2026, and he seeks a fee exemption order to restore account access in order to enable him to access dockets

United States District Court
Northern District of California

and filings. *Id.* at 2.

**LEGAL STANDARD**

A plaintiff instituting a civil action in federal court must ordinarily pay a filing fee. *See* 28 U.S.C. § 1914(a). However, under 28 U.S.C. § 1915(a)(1), a federal court "must authorize the commencement," of a civil suit without prepayment of the filing fee if the plaintiff submits an affidavit which "includes a statement of all assets," and which shows that the plaintiff is "unable to pay such fees or give security therefor." Thus, the *in forma pauperis* statute permits an indigent party to litigate a civil action in federal court without prepayment of fees or security therefor. *See* 28 U.S.C. § 1915(a)(1) ("any court of the United States may authorize the commencement . . . of any suit . . . without prepayment of fees or security therefor[.]").

Because the statute does not itself define what constitutes insufficient assets to warrant *in forma pauperis* status, the determination of indigency falls with the Court's discretion. *See Williams v. Cnty. of Ventura*, 443 F. App'x 232, 233 (9th Cir. 2011). "The granting or denial of leave to proceed in forma pauperis in civil cases is within the sound discretion of the district court." *Venable v. Meyers¸* 500 F.2d 1215, 1216 (9th Cir. 1974) (per curiam), *cert. denied*, 419 U.S. 1090, 95 S. Ct. 683, 42 L. Ed. 2d 683 (1974).

To qualify to proceed *in forma pauperis*, the litigant must submit an affidavit that includes a statement of all assets they possess. 28 U.S.C. § 1915(a)(1). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)). The affidavit must also state that the person is unable to pay the fees or give security. 28 U.S.C. § 1915(a)(1). The affidavit must provide "sufficient details concerning [the applicant's] income, assets, and expenditures[.]" *Williams*, 443 F. App'x at 233. "[T]here is no formula set forth by statute, regulation, or case law to determine when someone is poor enough to earn [*in forma pauperis*] status." *Escobedo*, 787 F.3d at 1235. "One need not be absolutely destitute to obtain the benefits of the in forma pauperis statute." *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960). Nevertheless, a party "seeking [*in forma pauperis*] status must allege poverty 'with some particularity, definiteness[,] and certainty.'"

*Escobedo*, 787 F.3d at 1234 (quoting *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)).

## DISCUSSION

### I. Motion to proceed *in forma pauperis*

Here, as summarized above, Plaintiff Goddard's financial affidavits aver sufficient factual details regarding his assets and liabilities to warrant his proceeding *in forma pauperis*. [Dkts. 2, 20]. Plaintiff Goddard's applications indicates that he has no sources of income, and that he has no other assets upon which to draw. [Dkt. 20 at 3]. Plaintiff is not currently employed, owns no home or automobile, owns no cash, and has no spouse. [Dkt. 20 at 4-6]. Plaintiff is involuntarily confined at the Department of State Hospitals – Napa (DHS Napa) and has no access to financial accounts of any kind and no ability to pay any fees or costs. *Id.* at 3.

Based on the record presented, the Court finds that paying the filing fee in this case would clearly pose a substantial economic hardship on Plaintiff Goddard. *Escobedo*, 787 F.3d at 1234. The fact that Plaintiff has no income or assets supports the conclusion that he cannot pay the court costs and still afford the necessities of life. *Id.* While each case is to be determined on its specific facts, the Court is cognizant that Plaintiff's IFP applications are similar to other *in forma pauperis* applications granted under factually analogous circumstances. *See, e.g.*, *Bernard M. v. Kijakazi*, No. 23-cv-02911-PHK, 2023 WL 8456320, at *1 (N.D. Cal. July 7, 2023) (granting IFP application where plaintiff was unemployed, had no income other than government assistance, and had no assets aside from $10 in a bank account).

Having determined that Plaintiff may proceed *in forma pauperis*, the Court will next undertake the mandatory screening of the operative First Amended Complaint pursuant to the statutory requirements of 28 U.S.C. § 1915(e)(2)(B). In typical IFP cases, the mandatory screening of a complaint makes sense because Congress intended the screening to ensure that a *pro se* indigent plaintiff's complaint is sufficient to proceed (given that the government does not receive any filing fees from an *in forma pauperis* plaintiff). Accordingly, the Court will issue a separate Order in due course setting forth a determination of whether or not Plaintiff Goddard's operative First Amended Complaint meets the mandatory screening requirements pursuant to Section 1915.

### II. Exemption from PACER fees



United States District Court
Northern District of California

"Courts may grant a PACER fee exemption upon a showing that an exemption is necessary in order to avoid unreasonable burdens and to promote public access to information." *Carter v. USDA*, No. 19-cv-03096-NC, 2020 WL 14025995, at *2 (N.D. Cal. Jan. 6, 2020) (citation omitted); *see also Electronic Public Access Fee Schedule*, United States Courts, (December 31, 2019), https://www.uscourts.gov/services-forms/fees/electronic-public-access-fee-schedule.

Because the Court has already determined that Plaintiff is indigent and unable to pay the filing fees in this action, on the same record presented the Court also finds a fee exemption necessary to avoid an unreasonable burden and to promote public access to information. Accordingly, Plaintiff's requests for a PACER fee exemption are **GRANTED**, but limited to fees incurred for accessing documents filed in this case and will expire when this case is closed. Any outstanding balance on Plaintiff's PACER account (account number 8394159) related to this case is **WAIVED**. This exception may be revoked at any time at the discretion of the Court. Goddard must not sell or transfer any data obtained using this exemption.

**ADVISEMENT OF *PRO SE* RESOURCES**

Plaintiff is **ADVISED** that there are several resources available for *pro se* litigants. The Court makes available a handbook or guide for *pro se* litigants called "Representing Yourself in Federal Court: A Handbook for Pro Se Litigants," which provides information on how to proceed at every stage of a case, including discovery, motions, and trial. This guide is available electronically online at https://cand.uscourts.gov/representing-yourself/pro-se-handbook or in hard copy free of charge from the office of the Clerk of Court. The Court additionally has a webpage with resources for *pro se* litigants: https://cand.uscourts.gov/representing-yourself.

Additionally, Plaintiff has the option to contact the Legal Help Center by making an appointment by telephone at (415) 782-8982 or by email at fedpro@sfbar.org. The Legal Help Center is a free service provided by the Justice & Diversity Center of the Bar Association of San Francisco ("JDC"), and is not part of the United States District Court. The Legal Help Center is staffed by attorneys employed by the JDC to provide information and limited-scope legal assistance to *pro se* litigants in civil cases. *See* https://cand.uscourts.gov/representing-yourself/jdc-legal-help-center-san-francisco-oakland-courthouses.

United States District Court
Northern District of California

While the Court recognizes that Plaintiff Goddard is proceeding *pro se*, Plaintiff nevertheless **SHALL** comply with all of this Court's Orders (including all Standing Orders, available on the Court's website) and all deadlines required by the Federal Rules of Civil Procedure, the Local Rules of this Court, the General Orders of this Court, and any other statutory requirements in a timely fashion.

**CONCLUSION**

Accordingly, for all the reasons discussed herein, the Court **GRANTS** Plaintiff Goddard's applications to proceed *in forma pauperis*. The Court further **GRANTS** Plaintiff Goddard's requests for a PACER fee exemption, subject to the limitations described herein.

The Clerk of Court shall not issue a summons at this time, and the United States Marshals shall not effect service of process at this time and shall only do so if and when the Court determines that the operative First Amended Complaint satisfies the mandatory screening requirements of § 1915(e)(2)(B).

The Clerk of Court is **DIRECTED** to mail a copy of this Order to Plaintiff at his address of record.

This **RESOLVES** Dkts. 2, 5, 19, and 20.

**IT IS SO ORDERED.**

Dated: September 3, 2026

PETER H. KANG
United States Magistrate Judge